**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

| | |
|---|---|
| IN RE: )<br>CORPORATION OF SOUTHERN )<br>VERMONT COLLEGE, INC. )<br>        Debtor. ) | Case No. 20-10268-cab<br>Chapter 7 |
| Raymond J. Obuchowski, )<br>Chapter 7 Trustee )<br>        Plaintiff )<br>)<br>v. )<br>)<br>Moshe Perlstein ) | Adversary Proceeding<br><br>Case No._____ |

**COMPLAINT**

Plaintiff Raymond J. Obuchowski, Chapter 7 Trustee of the Bankruptcy Estate of Corporation of Southern Vermont (SVC) by and through his counsel Pratt Vreeland Kennelly Martin & White, Ltd (John J. Kennelly) by way of complaint against defendant Moshe Perlstein (Perlstein) states:

<u>Jurisdiction</u>

1. This Court has jurisdiction over the adversary proceeding under the provisions of 28 USC § 157.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E) and (O) and 11 USC § 541 and 542.

2. Venue is proper under 28 USC § 1409(a).

<u>Nature of Proceedings</u>

3. Perlstein, as Purchaser, entered into a Purchase and Sale Agreement with Debtor, as Seller, dated June 22, 2020, for the purchase of the Debtor's campus property with an address of 982 Mansion Drive, Bennington, Vermont (Exhibit 1) and certain personal property (the "Property"), and at the same time he entered

into an Occupancy Agreement for the Property dated June 22, 2020, (Exhibit 2) (collectively, the "Agreement").

4. Perlstein's occupancy period commenced on June 24, 2020, the date a deposit of $300,000 was made as set forth in the Agreement and ran through September 22, 2020.

5. On August 24, 2020, The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, in this Court.

6. On August 24, 2020, Raymond J. Obuchowski was appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

7. On October 15, 2020 the Trustee served Perlstein a formal notice of default (the "Notice", Exhibit 3) stating that Perlstein was in breach and default of the Agreement.

8. The defaults, include, but are not limited to:
    a. Failure to maintain the Property and keep the Property in substantially the same condition as existed on date of Agreement, excepting normal wear and tear.
    b. Failure to make major repairs required to keep the Property in substantially the same condition as existed on date of Agreement (i.e. structural access and doorways changed).
    c. Failure to pay or reimburse the costs of maintaining, operating and repairing the Property.
    d. Failure to remove all of Perlstein's personal property (Air Conditioners,

      bunk beds)

    e. Unauthorized removal from the real Property of kitchenware, and failure to reinstall removed sinks, ice maker, etc. in the dining hall.

9. During the occupancy, there was extensive damage done to the Property, for which Perlstein as Purchaser is responsible.

10. An insurance claim has been made for some of the damage associated with the sprinkler head that was broken, which is pending, with a large deductible due, and there was considerable other damage done to the Property, not covered by insurance.

11. The nature and extent of the damage caused during the Occupancy period is outlined in the Declaration of Jon Hale which is filed herewith and incorporated by reference herein.

12. Certain expenses were to be paid by Perlstein as Purchaser during the term of the occupancy pursuant to the Agreement, which have not been paid

13. A summary of the expenses known to date is attached as Exhibit 4.

14. Perlstein also incurred certain direct expenses at the Property, which remain unpaid. Perlstein's attorney has forwarded some of those invoices. (Exhibit 5).

15. The Estate has requested that Pearlstein provide proof that all bills for expenses incurred at the Property during the occupancy period have been paid.

16. To date no such proof has been provided.

17. The Agreement also provides that the Property was to be restored to its prior condition after the occupancy period ends if the Purchase and Sale Agreement is not completed.

18. The Purchase and Sale agreement has not been completed.

19. The Property was delivered as winterized. Perlstein de-winterized it for his use. He is obligated for the cost of re-winterizing the Property.

20. The Agreement requires that the damage repair must be done by Vermont licensed contractors as approved by the Trustee, to code, subject to inspection and approval by all required governmental authorities.

21. Defendant has provided no indication that he intends to make any repairs of the damages caused to the Property in accordance with the terms of the Agreement, i.e. using Vermont licensed contractors, in compliance with all applicable building and safety codes, with proper governmental inspections and clean certificates of occupancy issued.

22. The Agreement required the Defendant to make a deposit of $300,000.00 (Exhibit 1 at § 3(b)).

23. Pursuant to § 12(b) of the Agreement (Exhibit 1) in the event of a Default by the Defendant the Plaintiff is entitled to the entire $300,000.00 as liquidated damages.

24. Perlstein is in default of the Agreement.

25. The Agreement also requires the Defendant to indemnify and hold the Trustee harmless for, *inter alia* all losses and damages arising out of Perlstein's use of the Property. (Exhibit 2 at ¶6).

26. The Agreement provides that in the event either party to the Agreement is adjudged to have defaulted under the terms of the Agreement "attorney's fees and costs shall be awarded to the prevailing party. (Exhibit 2, at ¶6)

## Count 1
## Breach of Contract

27. The Trustee repeats the allegations set forth in paragraphs 3 through 26 above, and incorporates same by reference herein.

28. Defendant has breached the Agreement and Plaintiff is entitled to the $300,000 deposit presently being held by TPW Real Estate, LLC (TPW) as liquidated damages.

29. The Trustee has not been paid the $300,000.00 deposit and continues to suffer damages and loss as a result of Defendant's breach.

30. Wherefore, the Trustee requests judgment against Defendant on this Count 1 in the amount of $300,000.00 plus interest, attorney's fees and costs.

## Count 2
## Indemnification

31. The Trustee repeats the allegations set forth in paragraphs 3 through 26 above, and incorporates same by reference herein.

32. Defendant agreed to "indemnify, defend and hold [the Trustee] harmless from and against any and all liabilities, losses, claims, demands, costs, expenses and judgement of any nature arising ...from or in connection with any injury...or loss or damage to property and arising from or in connection with the [Defendant's] use and/or occupancy, including those arising from the [Defendant's] guests, campers, clients, invitees, contracts, agents and assigns." Exhibit 2 at ¶6

33. Significant damage was caused and significant expenses and costs were incurred to or against the Property during Defendant's occupancy of the Property.

34. The estimated costs to repair the damage is at least $50,000 and the expenses total at least $125,000.

Wherefore the Trustee requests a judgment against the Defendant on this Count 2 in the amount of not less than $175,000, plus interest, cost and attorney's fees.

DATED at Rutland, Vermont, this 26 day of October, 2020.

        Raymond J. Obuchowski
        Chapter 7 Trustee of Corporation of Southern Vermont College, Inc.,

        by his counsel

        */s/ John J. Kennelly*
        John J. Kennelly, Esq.
        Pratt Vreeland Kennelly Martin & White, Ltd.
        P.O. Box 280
        Rutland, VT 05702-0280
        (802)775-7141