## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

IN RE:                              )
**CORPORATION OF SOUTHERN**          )      **Case No. 20-10268-cab**
**VERMONT COLLEGE, INC.**            )      **Chapter 7**
    **Debtor**   )

---

**RAYMOND J. OBUCHOWSKI,**           )      **Adversary Proceeding**
**CHAPTER 7 TRUSTEE**                )
    **Plaintiff** )
                                     )      **Case No. 2:20-ap-1010**
    **v.**        )
                                     )
**MOSHE PERLSTEIN**                  )
    **Defendant** )

### <u>ANSWER AND RESPONSIVE PLEADING</u>

The defendant in this action, through his attorneys, responds to the Complaint, dated October 26, 2020, as follows:

### *Answer*

1.    The defendant admits the allegations set forth in paragraph 1 of the Complaint.

2.    The defendant admits the allegations set forth in paragraph 2 of the Complaint.

3.    The defendant admits that he, as Purchaser, and the Debtor, as Seller, entered into the Purchase and Sale Agreement, dated June 22, 2020 (the "<u>Sale Contract</u>"), admits that he and the Debtor entered into the Occupancy Agreement, dated as of June 22, 2020 (the "<u>Occupancy Agreement</u>"), admits that the Sale Contract is attached to the Complaint as **Exhibit 1** and that the Occupancy Agreement is attached to the Complaint as **Exhibit 2**, and denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.      The defendant admits the allegations set forth in paragraph 4 of the Complaint.

5.      The defendant admits the allegations set forth in paragraph 5 of the Complaint.

6.      The defendant admits the allegations set forth in paragraph 6 of the Complaint.

7.      The defendant admits that the Trustee delivered to the defendant the notice attached to the Complaint as **Exhibit 3** but denies the remaining allegations set forth in paragraph 7 of the Complaint.

8.      The defendant denies the allegations set forth in paragraph 8 of the Complaint.

9.      The defendant denies the allegations set forth in paragraph 9 of the Complaint.

10.     The defendant admits that, during his occupancy, a fire-suppression sprinkler head was broken, admits that both he and the Debtor have made claims for insurance coverage of the loss, and denies the remaining allegations set forth in paragraph 10 of the Complaint.

11.     The defendant admits that the Declaration of Jon Hale is attached to the Complaint and denies the remaining allegations set forth in paragraph 11 of the Complaint.

12.     The defendant admits that certain expenses were to be paid by the defendant under the Occupancy Agreement and denies the remaining allegations set forth in paragraph 12 of the Complaint.

13.     The defendant denies the allegations set forth in paragraph 13 of the Complaint.

14.     The defendant admits that certain expenses were to be paid by the defendant under the Occupancy Agreement and denies the remaining allegations set forth in paragraph 14 of the Complaint.

15.     The defendant denies the allegations set forth in paragraph 15 of the Complaint.

16.     The defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.     The defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.     The defendant denies the allegations set forth in paragraph 18 of the Complaint.

19.     The defendant admits that the Property was delivered to him in "as is" condition but denies the allegations set forth in paragraph 19 of the Complaint.

20.     The defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     The defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     The defendant admits that he paid a deposit of $300,000 as alleged in paragraph 22 of the Complaint and denies the remaining allegations therein.

23.     The defendant denies the allegations set forth in paragraph 23 of the Complaint.

24.     The defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     The defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     The defendant denies the allegations set forth in paragraph 26 of the Complaint.

27.     The defendant incorporates herein his responses to paragraphs 1 through 26 and 31 through 34.

28.     The defendant denies the allegations set forth in paragraph 28 of the Complaint.

29.     The defendant denies the allegations set forth in paragraph 29 of the Complaint.

30.     To the extent that a response is required, the defendant denies the allegations set forth in paragraph 30 of the Complaint.

31.     The defendant incorporates herein his responses to paragraphs 1 through 30.

32.     The defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     The defendant denies the allegations set forth in paragraph 33 of the Complaint.

34.     The defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     To the extent that there is an allegation in the Complaint not specifically addressed in this Answer, the defendant denies the allegation.

WHEREFORE, the defendant requests that the Complaint be dismissed with prejudice, the defendant be awarded his attorney's fees and costs and such other relief as the Court deems just.

### *Affirmative Defenses*

1.      Failure of the Trustee to mitigate his damages.

2.      Unclean hands.

3.      Failure of a condition precedent.

4.      The Trustee's claim is not ripe.

5.      Impossibility of performance.

6.      Impracticability of performance.

7.      Having made it impossible or impracticable for the defendant to perform, the Trustee may not assert a claim based on non-performance by the defendant.

8.      The Trustee is in breach of the Occupancy Agreement, which excuses performance by the defendant.

9.      Estoppel.

10.      Absence of damages.

11.      Failure to state a claim on which relief may be granted.

12.      The Trustee is not entitled to more than a single recovery for any claim.

### *Counterclaim*

1.      For many months the defendant has been an eager suitor to purchase the main campus of Southern Vermont College, even when obstacles have been created:

(a)      the Purchase and Sale Contract with the Debtor:  After the contract had been signed, the Debtor unilaterally inserted a new provision in the contract, dated June 12, 2020, giving the Debtor protections in anticipation of a Chapter 7 filing.  The defendant, having already

implemented his business plan for use of the property during the 2020 summer and early fall, was forced to acquiesce to the change.

(b)      the first Chapter 7 proceeding:  Prior to the commencement of this Case, the Debtor had commenced a Chapter 7 proceeding in Case No. 20-10212-cab and, in that prior proceeding, the current Trustee was appointed Chapter 7 trustee.  Soon after his appointment, the Trustee learned that the defendant was occupying the Debtor's main campus as a summer camp and asked the defendant to join with him in seeking dismissal without prejudice in No. 20-10212-cab.  Inasmuch as the defendant's camp operations were already in operation, the defendant was forced to acquiesce to the request.

(c)      After his appointment in No. 20-10268-cab, the Trustee asked the defendant to vacate the main campus since the camping season had ended and to renegotiate the terms the Purchase and Sale Agreement that had been signed by the Debtor and the defendant.

2.      When the Trustee asked the defendant to vacate the campus, the defendant did so immediately, reasonably and justifiably believing at that time that he would soon return as the owner of the property.  By vacating immediately, the defendant did not have the time to make the minor repairs and perform the routine maintenance that a tenant would customarily make, nor did he remove the personal property (such as beds) that he brought to the property.  Further, because he reasonably and justifiably believed that he would be the new owner, the defendant reasonably and justifiably anticipated that he would do the work on his schedule and would continue use of his property at the campus.

3.      When the Trustee asked the defendant to renegotiate the Purchase and Sale Contract previously signed by the Debtor, the defendant cooperated in that endeavor and signed and delivered to the trustee the contract as revised by the Trustee, even though the Trustee (x) had

added a new provision requiring that the purchaser at closing be a "not for profit entity" and (y) had not attached an exhibit required by the contract. The Trustee has unjustifiably refused to sign the revised sale contract.

4.      The defendant has offered to return to the campus to perform the end-of-season cleaning, make repairs to the property and remove the personal property, but the Trustee has not allowed him to so do.

5.      The Trustee has claimed that the defendant has not paid vendors and suppliers, even though payments have been made.

6.      The Trustee has claimed that the defendant has breached the Occupancy Agreement, dated as of June 22, 2020, even though the Trustee has refused to mitigate his damages.

7.      By negotiating a revised contract with the defendant and then refusing to sign it, the Trustee's conduct has been in bad faith. Nevertheless, the Trustee remains bound by the revised contract and is estopped from claiming otherwise.

8.      By using the contract he negotiated with the defendant to negotiate with others, the Trustee has chilled the bidding process by limiting potential bidders to those who are a "not for profit entity."

9.      The Trustee has sought approval to sell the campus property and associated tangible property to Southwestern Vermont Health Care Corporation "AS IS, WHERE IS AND WITH ALL FAULTS."   If this sale or any other sale is consummated, the bankruptcy estate will have suffered no economic loss even if the property is not repaired or maintained as required by the Occupancy Agreement.

10.      The Trustee should reasonably have expected that his actions in revising and presenting the new contract to the defendant for signature would induce the defendant to continue

trying to work with the Trustee toward a negotiated sale of the property to the defendant and to forego exercising the defendant's rights or remedies.

11.     Injustice to the defendant can only be avoided by enforcement of the Trustee's promises as embodied in the revised contract.

12.     The Trustee is in breach of his promises as embodied in the revised contract.

13.     The defendant has fully performed all of his obligations under the Occupancy Agreement, except to the extent the Trustee has barred him from doing so, for which performance by the defendant is excused.

14.     The Trustee's conduct is inconsistent with the reasonable expectations of the defendant and the Debtor (the Trustee's predecessor in interest) under the Sale Contract and the Occupancy Agreement.

15.     The Trustee's conduct unlawfully and without justification deprives the defendant of the benefits of the labor and expense that the defendant has contributed to the property described in the Sale Contract and the Occupancy Agreement and confers undue economic advantage on the Trustee.

16.     For example, by using the contract he negotiated with the defendant to negotiate with others, the Trustee has sought not only to sell the property to a third party, but also to unjustifiably retain the defendant's $300,000 deposit.

17.     The defendant is ready, willing and able to close on the purchase of the property under the terms of either the Sale Contract or the contract as redrafted by the Trustee.

WHEREFORE, the defendant requests that the Court award him specific performance of the revised sale contract, money damages, the costs of this action, including his reasonably legal fees and expenses, and award such other relief as is just.

DATED at Burlington, Vermont: Monday, November 30, 2020.

By:     */s/ Carl H. Lisman*
        Lisman Leckerling, P.C.
        P.O. Box 728
        Burlington, VT 05402-0728
        (802) 657-7225
        (802) 864-3629 *telefax*
        clisman@lisman.com

27675\003