*Formatted for Electronic Distribution*                                    *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
October 19, 2021

_____

**In re:**
  **Corporation of Southern**
  **Vermont College, Inc.,**
      **Debtor.**

**Chapter 7**
**Case # 20-10268**

_____

**Raymond J. Obuchowski, as Trustee,**
      **Plaintiff,**
         v.
**Moshe Perlstein,**
      **Defendant.**

**Adversary Proceeding**
**# 20-01010**

_____

**Moshe Perlstein,**
      **Counter Claimant,**
         v.
**Raymond J. Obuchowski, as Trustee,**
      **Counter Defendant.**

_____

*Appearances:  John J. Kennelly, Esq.*              *Carl H. Lisman, Esq.*
               *Pratt Vreeland Kennelly Martin & White*        *Lisman Leckerling PC*
               *Rutland, VT*                              *Burlington, VT*
               *For the Plaintiff*                        *For the Defendant*

### <u>MEMORANDUM OF DECISION</u>
#### GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

   This suit arises from two contracts the Plaintiff and the Defendant executed prior to the
commencement of this chapter 7 case – an occupancy agreement under which the Defendant would
operate a summer camp on the Southern Vermont College campus, and a purchase and sale contract
under which the Defendant would purchase property that included the campus.

1

The Plaintiff seeks summary judgment on its breach of contract claim against the Defendant. He asserts the Defendant caused significant damage to the campus property during the term of the occupancy agreement, which triggered a default under the purchase and sale agreement. Based on this default, the Plaintiff asserts he has a contractual right to retain the $300,000 deposit the Defendant made to secure the purchase and sale agreement, pursuant to a liquidated damages provision.

The Defendant opposes summary judgment, alleging there are material facts in dispute. He also denies causing any damage to the campus property, and asserts that even if he did, a breach under the occupancy agreement does not entitle the Plaintiff to damages under the purchase and sale agreement. In the context of this summary judgment motion, it is most important that the Defendant challenges the Plaintiff's position that the material facts with respect to the alleged breach of contract are undisputed.

For the reasons set forth below, the Court finds there are material facts in dispute with respect to the Defendant's liability on the breach of contract claim, but there are no material facts in dispute, and summary judgment is proper, with respect to enforceability of the liquidated damages provision. Therefore, the Court grants the Plaintiff's motion for summary judgment as to the question of whether liquidated damages are available, and otherwise denies the Plaintiff's motion for summary judgment.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding, and the motion for summary judgment, pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (E), and (O). The parties have consented to this Court's authority to enter a final judgment in this proceeding (see doc. # 13).

## PROCEDURAL HISTORY

On October 26, 2020, the Plaintiff commenced this adversary proceeding by filing a complaint alleging two causes of action: breach of contract and indemnification (doc. # 1, the "Complaint"). On November 30, 2020, the Defendant filed an Answer with a counterclaim seeking specific performance of a revised sale contract, money damages, and costs (doc. # 7, the "Counterclaim"), and the Plaintiff filed an Answer to the Counterclaim on December 18, 2020 (doc. # 10).

On June 21, 2021, the Plaintiff filed the instant motion and memorandum of law seeking summary judgment on the breach of contract cause of action and an award of $300,000 as liquidated damages  (doc. # 25, the "SJ Motion"), as well as a statement of undisputed material facts (doc. # 25-1), two supporting affidavits (doc. ## 25-2, 25-18), and 16 exhibits (doc. ## 25-2 to 25-17, 25-19).  On July 26, 2021, the Defendant filed a timely response in opposition to the SJ Motion, which included a response to the Plaintiff's statement of undisputed material facts and the Defendant's own statement of undisputed

material facts (doc. # 31),[1] as well as a memorandum of law (doc. # 31-7), supporting declaration (doc. # 31-8), and five exhibits (doc. ## 31-2 to 31-6). On August 16, 2021, the Plaintiff filed a timely reply (doc. # 35). The matter was then fully submitted.

## ISSUES PRESENTED

Although the SJ Motion focuses on only one cause of action in the Complaint, it raises two legal issues: (1) whether the Defendant is liable to the Plaintiff for breach of contract, and (2) whether the Plaintiff is entitled to collect liquidated damages, if he establishes the Defendant breached the contract.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Jackson v. Fed. Express, 766 F.3d 189, 193–94 (2d Cir. 2014). "A genuine issue exists – and summary judgment is therefore improper – where the evidence is such that a reasonable jury could decide in the non-movant's favor." Brandon v. Kinter, 938 F.3d 21, 31 (2d Cir. 2019) (citation and quotation marks omitted). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985) (citation omitted). "The court construes all evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in his favor." Amore v. Novarro, 624 F.3d 522, 529 (2d Cir. 2010) (citing LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005)); see also Burns v. Martuscello, 890 F.3d 77, 83 (2d Cir. 2018). However, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" Flores v. United States, 885 F.3d 119 (2d Cir. 2018) (quoting Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996)).

## UNDISPUTED MATERIAL FACTS

The Court finds the following are material to the legal issues before it, and undisputed (each, a "UMF").

1. On June 22, 2020, the Defendant, as purchaser, entered into a purchase and sale agreement (the "PSA") with the Corporation of Southern Vermont College, Inc. ("SVC"), for the purchase of SVC's campus property at 982 Mansion Drive, Bennington, Vermont, and certain personal property (the "Property") for a purchase price of $3,150,000.[2] A true copy of the PSA is attached to the Complaint and designated as Exhibit 1. (Doc. # 25-1, ¶¶ 1–2; doc. # 31, ¶¶ 1–2; doc. # 1-1.)

---

[1] Neither the federal rules nor the Court's local rules authorize the Defendant to file a statement of undisputed facts, as the Defendant did not file a cross-motion for summary judgment. See Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56, Vt. LBR 7056-1; see also doc. # 35, p. 3. The Court therefore does not rely on this portion of the Defendant's response in ruling on the Plaintiff's motion for summary judgment.

[2] Although the Plaintiff did not specify the purchase price in his statement of undisputed facts, it is specified in § 3(a) of the PSA attached to the Complaint, and the parties do not dispute that attachment is an accurate copy of their sale contract.

2. On the same date, the Defendant entered into an Occupancy Agreement for the Property with SVC. A true copy of the Occupancy Agreement is attached to the Complaint and designated as Exhibit 2. (Doc. # 25-1, ¶¶ 4–5; doc. # 31, ¶¶ 4–5.)

3. The PSA required the Defendant to make a deposit of $300,000 (the "Deposit"). The Defendant made the Deposit and the Plaintiff is now holding that Deposit, and has been since November 5, 2020. (Doc. # 25-1, ¶¶ 11–12; doc. # 31, ¶ 11–12; doc. # 1-1, § 3(b).)

4. The PSA includes the following liquidated damages provision:

> If, prior to the Closing, Purchaser shall (i) default under any covenant or obligation or (ii) breach any representation or warranty set forth herein (which default is not waived in writing by Seller), in each case which is not cured within thirty (30) days of Purchaser receipt of written notice from Seller, then Seller shall have the right to declare this Agreement terminated by written notice to Purchaser, and the Deposit shall be paid to Seller as liquidated damages and as Seller's sole and exclusive remedy (whether at law, in equity, in contract, in tort or otherwise) against Purchaser, any of its affiliates or any of their respective former, current and future holders of any equity, partnership or limited liability interest in Purchaser or such affiliate, or any of their respective former, current and future directors, officers, employees and representatives.

(Doc. # 25-1, ¶ 13; doc. # 31, ¶ 13; doc. # 1-1, § 12(b).)

5. On August 24, 2020, SVC filed a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code. On the same date, the Plaintiff was appointed as the chapter 7 case trustee of SVC's bankruptcy estate. (Doc. # 25-1, ¶¶ 6–7; doc. # 31, ¶¶ 6–7.)

6. Prior to the commencement of the bankruptcy case, SVC had engaged the services of Keen/TPW to assist in the marketing and sale of SVC's properties per the Retention Agreement of April 2019, and as extended in January 2020 through December 31, 2020. From time to time after April 2019 through the petition date on August 24, 2020, Keen/TPW provided marketing and brokerage services under the Retention Agreement. The Property had been on the market for more than a year before the Defendant and SVC executed the PSA. (Doc. # 25-1, ¶ 3; doc. # 31, ¶ 3.)

7. On October 15, 2020, the Plaintiff served the Defendant a formal Notice of Default alleging certain defaults by the Defendant. A true copy of the Notice of Default is attached to the Complaint and designated as Exhibit 3. (Doc. # 25-1, ¶¶ 8–10; doc. # 31, ¶¶ 8–10; doc. # 1-3.)

8. John Hale of Hale Resources, LLC, a real estate development and property management business located in Bennington, Vermont, had previously managed the Property; the Plaintiff retained Mr. Hale to continue to manage the Property during this case. (Doc. # 25-1, ¶ 14; doc. # 31, ¶ 14; doc. # 25-2.)

9. After the Defendant and his group vacated the Property, Mr. Hale's company undertook a room-by-room inspection and contemporaneously prepared a list of alleged damage to the Property. A true copy of the list is attached to the SJ Motion and designated as Exhibit H-1.[3] (Doc. # 25-1, ¶¶ 15, 17–18; doc. # 31, ¶¶ 15, 17–18; doc. # 25-4.)

10. On December 2, 2020, the Defendant filed a proof of claim in the bankruptcy case that asserted a general unsecured claim of $3,450,000 and attached a copy of the PSA. (Doc. # 25-1, ¶¶ 22–23; doc. # 31, ¶¶ 22–23; see also case # 20-10268, claim # 7-1).

11. On December 11, 2020, the Plaintiff conducted a courtroom sale of the Property pursuant to 11 U.S.C. § 363. The Defendant bid on the Property but was not the successful bidder. (Doc. # 25-1, ¶ 25; doc. # 31, ¶ 25; see also case # 20-10268, doc. ## 142, 150.)

---

[3] The exhibit is marked on the docket as "Exhibit H-!" but this appears to be a typographical error.

## DISCUSSION

The SJ Motion asserts that (1) the Defendant breached the PSA and (2) the Plaintiff is entitled to retain the Deposit as liquidated damages (doc. # 25, p. 3). The Defendant opposes summary judgment on both issues (doc. # 31-7).

The Court turns first to the question of whether the Defendant breached the PSA. "The essential elements for breach of contract are the making of an agreement, due performance by plaintiff, breach by defendant, and damage to plaintiff as a legal cause of the breach." Obuchowski v. Poulin Grain, Inc. (In re Stevens), 2000 Bankr. LEXIS 2160, 2000 WL 35723732 (Bankr. D. Vt. Oct. 24, 2000) (citation omitted).

Here, there is no dispute the parties entered into the PSA (UMF ¶ 1) or that the Plaintiff alleges certain defaults by the Defendant (UMF ¶ 7). However, the parties disagree as to whether the Defendant engaged in the actions and omissions described in the Notice of Default and breached the PSA.

In particular, the Plaintiff asserts "there was considerable damage done to the Property" for which the Defendant was responsible, and the Defendant's defaults included failure to maintain the Property, make major repairs, and pay or reimburse associated costs, failure to remove the Defendant's personal property, and unauthorized removal of kitchenware, sinks, and ice maker from the Property (doc. # 25-1, ¶ 10; doc. # 1-3). The Defendant disputes the alleged defaults occurred and, in response to the Plaintiff's allegations, he asserts (a) the Plaintiff did not perform a pre-occupancy inspection and thus had no knowledge of its condition as of June 22, 2020; (b) the Defendant paid all vendors he hired and reimbursed all costs for which he believes he is responsible, removed all of his personal property to the best of his knowledge, and did not remove kitchenware from the Property; and (c) the sink and ice maker were uninstalled prior to the Defendant's occupancy (doc. # 31, ¶ 10).

Since these material facts are in dispute, the Court finds summary judgment is improper as to whether the Defendant breached the PSA and therefore denies this aspect of the SJ Motion. However, this determination does not end the Court's inquiry, as the Plaintiff requested the Court grant partial summary judgment if it determines he is not entitled to full summary judgment on all relief sought under the breach of contract claim (see doc. # 25, pp. 1–2). The Defendant did not oppose that request (see doc. # 31-7).

A party may move for partial summary judgment "identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). Courts may grant partial summary judgment on the enforceability of a liquidated damages provision without first ruling on liability with respect to the underlying breach of contract claim. See Wallingford Shopping, L.L.C. v. Lowe's Home Ctrs., Inc., 2001 U.S. Dist. LEXIS 896, 2001 WL 96373 (S.D.N.Y. Feb. 5, 2001); DAR & Assocs., Inc. v. Uniforce Servs., Inc., 37 F.Supp.2d 192 (E.D.N.Y. 1999).

Although the Court has determined the Plaintiff is not entitled to judgment as a matter of law with respect to the substantive basis for his first cause of action, in order to narrow the issues in this

proceeding, and finding the record sufficient to do so, the Court addresses the other legal issue that arises

from this cause of action: whether the Plaintiff may collect liquidated damages if he demonstrates the

Defendant breached the PSA and the liquidated damages provision of the PSA applies to that breach.

In order to uphold a liquidated damages provision, a court must find the provision satisfies three

criteria:

> (1) because of the nature or subject matter of the agreement, damages arising from a
> breach would be difficult to calculate accurately; (2) the sum fixed as liquidated
> damages must reflect a reasonable estimate of likely damages; and (3) the provision
> must be intended solely to compensate the nonbreaching party and not as a penalty
> for breach or as an incentive to perform.

Renaudette v. Barrett Trucking Co., 167 Vt. 634, 635 (1998) (citing New England Educ. Training Serv.,

Inc. v. Silver Street Partnership, 156 Vt. 604, 613 (1991)). A judgment as to whether those three criteria

have been met must be made by reference to the facts at the time the contract is entered into, not to the

circumstances as they stand after the alleged breach. Id. (citation omitted). With respect to the first

criterion,  the Renaudette court held "[t]he damages incurred from a breach of a real estate contract are

hard to anticipate because it is difficult to determine if the property will be resold for an equivalent price

or the amount of time required for a resale of the property." Id. at 636 (citations omitted).  Therefore, this

Court may not base its determination on whether to enforce the liquidated damages provision on the fact

that the Property sold, the price at which the Property sold, or the amount of net proceeds the estate

derived from that sale.

With respect to the second and third criteria,

> These factors are intertwined because, if the liquidated damages provision is
> reasonable at the time the contract is entered into, than [sic] it should be considered
> compensation for the breach and not a penalty or incentive to perform. There is
> nothing to indicate that a $4,000 liquidated damages provision is unconscionable or
> disproportionate to the damages likely to result from a breach of a $170,000 real
> estate purchase. The liquidated damages represent only 2.3% of the total purchase
> price of the property. This amount is well within the range of liquidated damages
> clauses which have been determined to be reasonable in other jurisdictions.

Id. (collecting cases permitting liquidated damages representing 5–10% of the purchase price). Based on

the above analysis – and application – of the two final criteria, the Vermont Supreme Court concluded the

liquidated damages clause at issue was "reasonable and fair" as of the time it was entered into, and

therefore was enforceable. Id.

 The United States District Court for the District of Vermont has interpreted Renaudette to

"indicate[] that a ten percent deposit is a reasonable amount for liquidated damages" in connection with a

contract for the purchase of real estate.  Heath Knolls Invs., Inc. v. Westlake Residential Ptnrs., LLC,

2008 U.S. Dist. LEXIS 34284, *13, 2008 WL 1902066 (D. Vt. Apr. 25, 2008). In that case, Chief Judge

Sessions found a liquidated damages provision of $97,000, representing 10% of the $970,000 purchase

price in a real estate sale contract, to be reasonable and enforceable. Id. at *15. The Court determined,

> if Plaintiffs were in breach of the Contract and Westlake had not contributed to the
> failure of the transaction, Westlake would be entitled to retain the entire $97,000
> deposit irrespective of Westlake's actual losses. Thus, the Court finds that the
> disputed amount of Defendants' actual losses does not create a genuine issue of
> material fact precluding summary judgment on Plaintiff's unjust enrichment claim.

Id. (emphasis and capitalization in original).

Here, there is no dispute the PSA is a real estate sale contract that provides for payment of the $300,000 Deposit as liquidated damages, an amount representing approximately 9.5% of the purchase price (UMF ¶¶ 1, 3–4) in the event of a breach. Under Renaudette and Heath Knolls, this amount of liquidated damages is reasonable and fair, and such damages may be enforced in connection with a purchase and sale contract, if the buyer fails to fulfil his contractual obligations, and this enforceability is not mitigated by circumstances that arise after the contract is executed.

Since there are no material facts in dispute with respect to the terms of liquidated damages provision, and the liquidated damages at issue in the case at bar are less than 10% of the purchase price, the Court finds that if the Plaintiff proves at trial that the Defendant breached the PSA and the liquidated damages provision applies to that breach, then the Plaintiff would be entitled to retain the $300,000 deposit as liquidated damages.

## **CONCLUSION**

Based on the foregoing analysis and findings, the Court concludes, first, there are material facts in dispute with respect to whether the Defendant breached the PSA. Therefore, the Court denies summary judgment on that issue.

Second, the Court finds there are no materials facts in dispute with respect to the enforceability of the liquidated damages provision in the PSA. Based on controlling law, the Court concludes the Plaintiff is entitled to enforce the liquidated damages provision, as a matter of law, if he proves the Defendant breached the PSA and the liquidated damages provision is applicable to that breach. Accordingly, the Court grants summary judgment in favor of the Plaintiff on that issue, to that extent.

All issues raised in the breach of contract cause of action – other than the enforceability of the liquidated damages provision – shall proceed to trial, along with the entire indemnification cause of action in the Complaint, as well any cause of action in the Counterclaim that was not mooted by the sale of the Property, pursuant to the schedule set forth in the accompanying order.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

October 19, 2021                                     Colleen A. Brown
Burlington, Vermont                                 United States Bankruptcy Judge

United States Bankruptcy Court

District of Vermont

Obuchowski,

    Plaintiff

Perlstein,

    Defendant

Adv. Proc. No. 20-01010-cab

# CERTIFICATE OF NOTICE

| District/off: 0210-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Oct 19, 2021 | Form ID: pdf650 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 21, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| dft | + Moshe Perlstein, 641 Knickerbocker Rd., Livingston Manor, NY 12758-5611 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion02.vt.ecf@usdoj.gov | Oct 19 2021 19:47:00 | U S Trustee, Office of the United States Trustee, Leo O'Brien Federal Building, 11A Clinton Ave., Room 620, Albany, NY 12207-2370 |
| ust | + Email/Text: ustpregion02.nh.ecf@usdoj.gov | Oct 19 2021 19:47:00 | U. S. Trustee, Office of the U.S. Trustee, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, CT 06510-2022 |
| pla | + Email/Text: ray@oeblaw.com | Oct 19 2021 19:47:00 | Raymond J Obuchowski, Obuchowski Law Office, P.O. Box 60, 1542 Route 107, Bethel, VT 05032-0060 |

TOTAL: 3

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cc | *+ | Moshe Perlstein, 641 Knickerbocker Rd., Livingston Manor, NY 12758-5611 |
| cd | *+ | Raymond J Obuchowski, Obuchowski Law Office, P.O. Box 60, 1542 Route 107, Bethel, VT 05032-0060 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 21, 2021          Signature:     /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 19, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Carl H Lisman | |
| | on behalf of Defendant Moshe Perlstein clisman@lisman.com  jthompson@lisman.com |
| John J. Kennelly | |
| | on behalf of Counter Defendant Raymond J Obuchowski kennelly@vermontcounsel.com  clv@vermontcounsel.com |
| John J. Kennelly | |
| | on behalf of Plaintiff Raymond J Obuchowski kennelly@vermontcounsel.com  clv@vermontcounsel.com |
| Raymond J Obuchowski, Chapter 7 Trustee | |
| | on behalf of Plaintiff Raymond J Obuchowski ray@oeblaw.com  VT02@ecfcbis.com;marie@oeblaw.com;vtrustee@sover.net |

TOTAL: 4